UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMANDO V. OCHOA, | ) | CV F 03 5621 REC LJO P |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS COMPLAINT FOR FAILING TO |
| v. | ) | STATE A CLAIM FOR RELIEF (Doc. 1, 22.) |
| | ) | |
| ALAMEIDA, et. al., | ) | |
| Defendants. | ) | |

Armando V. Ochoa ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on May 15, 2003. On September 24, 2003, the Court dismissed the Complaint with leave to amend and granted Plaintiff time to file an Amended Complaint curing the defects. (Doc. 9.) Plaintiff, however, did not comply. Thus, the Court issued Findings and Recommendations on November 12, 2003, that the action be dismissed. (Doc. 13.) Plaintiff filed Objections on November 17, 2003. (Doc. 14.) On May 12, 2004, and based on the Objections, the Court vacated the Findings and Recommendations and granted Plaintiff time to file the Amended Complaint. (Doc. 20.) On May 24, 2004, Plaintiff file an AMENDED Complaint. (Doc. 22.)

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The Complaint alleges that on April 23, 2002, Plaintiff arrived at Wasco State Prison utilizing crutches after sustaining a knee injury at the West Valley Detention Center. Plaintiff claims that he was given documentation of the need for a lower bunk. Plaintiff states that he was assigned to a lower bunk on an upper tier, where he had to walk with crutches up and down a set of stairs. Plaintiff claims that he realized the danger this posed and requested bunking on a lower tier. Plaintiff's request was denied. Plaintiff states that on April 28, 2002, while under the influence of pain medication issued by the state, he fell from the top of the stairs. Plaintiff alleges that he "had earlier noticed and advised housing unit staff that the rubber anti-skid tips of his crutches were worn." (Amended Complaint at 13.)  Plaintiff claims he was taken to San Joaquin Hospital and diagnosed with serious ligament and tendon damage and reconstructive surgery was indicated. Plaintiff claims that therapeutic treatment was recommended but was never administered.

**C.  CLAIMS FOR RELIEF**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Here, the Court has examined the purported Amended Complaint and finds that although retyped, it is identical to the Complaint previously filed in the case. The Court dismissed that Complaint with leave to amend and informed Plaintiff of the linkage requirement, gave Plaintiff the law on the Eighth Amendment cruel and unusual punishment clause and medical claims, and informed Plaintiff specifically of the defects in his Complaint that needed to be cured in order to state a claim for relief. As Plaintiff has submitted an identical complaint to the Court, which was designated as an Amended Complaint by court staff, the Complaint continues to fail to state a claim for relief. Rather than provide Plaintiff with the law that may or may not be applicable to his case again, the Court will Recommend that the case be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that the Amended Complaint, which is identical to the original Complaint, fails to state a claim for relief under section 1983. The Court further

3

1  finds that allowing Plaintiff another opportunity to Amend the Complaint would be futile as no
2  attempt to cure the deficiencies was made by Plaintiff.  Accordingly, the Court RECOMMENDS
3  that this action be dismissed in its entirety for failing to state a claim for relief.
4      It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
5  United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
6  § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
7  Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
8  of this Report and Recommendation, any party may file written objections with the Court and
9  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
10 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
11 within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
12 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
13     The parties are advised that failure to file objections within the specified time may waive
14 the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
15 1991).
16 IT IS SO ORDERED.
17 **Dated:    October 13, 2005**                /s/ Lawrence J. O'Neill
   b9ed48                                       UNITED STATES MAGISTRATE JUDGE