UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO V. OCHOA, | 1:03-cv-05621-REC-LJO-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 33) |
| vs. | |
| ALAMEIDA, et al., | **ORDER DISMISSING ACTION AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANTS** |
| Defendants. / | |

Plaintiff, Armando V. Ochoa ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On October 14, 2005, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days. On November 4, 2005, plaintiff filed objections to the Magistrate Judge's Findings and Recommendations and lodged a

1

Second Amended Complaint in an attempt to comply with the Court's initial Order dismissing with leave to amend.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case, including the lodged Second Amended Complaint.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  Plaintiff's Second Amended Complaint continues to be deficient in that it again fails to link any of the twenty-nine (29) named Defendants[1] to an act or omission giving rise to the claim for relief stated.[2]

ACCORDINGLY:

1.  The Findings and Recommendations, filed October 14, 2005, are ADOPTED IN FULL; and,

2.  This action is DISMISSED in its entirety for plaintiff's failure to state a claim upon which relief may be granted.

3.   The Clerk of the Court is directed to enter judgment for defendants.

IT IS SO ORDERED.

**Dated: December 1, 2005**          /s/ Robert E. Coyle
668554                                UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff names nine Defendants and twenty (20) Doe Defendants in the lodged Second Amended Complaint.

[2] Even had Plaintiff linked any of the named Defendants to an act or omission giving rise to a violation of his rights, it appears that at most, Plaintiff's allegations state a claim for relief based on negligence.  A violation of state tort law alone, however, is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).